IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ROSS D. HARTINGTON, DANIEL J. BOYLE, BETTY J. FARIZER, BARBARA A. BURKE, EILEEN R. EMERSON, DINA MELUCCI, BARBARA SHERMAN, DIANE L. AND THEODORE G. RACINE, MICHAEL P. AND MARIA M. KELLEY and KARI L. CORVENO**

**Plaintiffs,** : **C.A.**

:

**VS.** :

:

**AMERIQUEST MORTGAGE COMPANY** : CA 06 365S

**Defendant** :

# COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF ROSS D. HARTINGTON

4. Plaintiff Ross D. Hartington resides at 480 Oakland Beach Ave.,Warwick, RI 02889.

5. On or about September 9, 2003 Plaintiff Ross D. Hartington obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

7. In connection with the transaction, Plaintiff Ross D. Hartington received or signed the following documents:

1. A note in the principal amount of $134,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

8. On or about August 8, 2006 Plaintiff Ross D. Hartington exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

## FACTS RELATING TO PLAINTIFF DANIEL J. BOYLE

9. Plaintiff Daniel J. Boyle resided at 98 Buttonwood Rd., Richmond, RI 02812.

10. On or about June 15, 2004 Plaintiff Daniel J. Boyle obtained a loan from Ameriquest, secured by his former residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

12. In connection with the transaction, Plaintiff Daniel J. Boyle received or signed the following documents:

1. A note in the principal amount of $250,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 4;
5. A One Week Cancellation Period form; attached as Exhibit 5; and
6. A HUD-1 Settlement Statement.

13. On or about August 1, 2006 Plaintiff Daniel J. Boyle exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

## FACTS RELATING TO PLAINTIFF BETTY J. FARIZER

14. Plaintiff Betty J. Farizer resides at 2 Ford Ave., Cumberland, RI 02864.

15. On or about February 15, 2005 Plaintiff Betty J. Farizer obtained a loan from

Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

17. In connection with the transaction, Plaintiff Betty J. Farizer received or signed the following documents:

1. A note in the principal amount of $205,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 7;
5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

18. On or about August 8, 2006 Plaintiff Betty J. Farizer exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

**FACTS RELATING TO PLAINTIFF BARBARA A. BURKE**

19. Plaintiff Barbara A. Burke resides at 45 Smith Street, Lincoln, RI 02865.

20. On or about January 19, 2005 Plaintiff Barbara A. Burke obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. The closing of said refinancing transaction was conducted by a title company named,

Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

22. In connection with the transaction, Plaintiff Barbara A. Burke received or signed the following documents:

1. A note in the principal amount of $213,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

23. On or about July 31, 2006 Plaintiff Barbara A. Burke exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 12.

## FACTS RELATING TO PLAINTIFF EILEEN R. EMERSON

24. Plaintiff Eileen R. Emerson resides at 184 Gallatin St., Providence, RI 02907.

25. On or about February 2, 2005 Plaintiff Eileen R. Emerson obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

26 . The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's

loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

27. In connection with the transaction, Plaintiff Eileen R. Emerson received or signed the following documents:

1. A note in the principal amount of $162,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

28. On or about July 31, 2006 Plaintiff Eileen R. Emerson exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 15.

**FACTS RELATING TO PLAINTIFF DINA MELUCCI**

29. Plaintiff Dina Melucci resides at 385 Rockland Ave., Scituate, RI 02857.

30. On or about March 7, 2005 Plaintiff Dina Melucci obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

31. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

32. In connection with the transaction, Plaintiff Dina Melucci received or signed the following documents:

1. A note in the principal amount of $189,375;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 16;
5. A One Week Cancellation Period form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

33. On or about August 1, 2006 Plaintiff Dina Melucci exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 18.

**FACTS RELATING TO PLAINTIFF BARBARA SHERMAN**

34. Plaintiff Barbara Sherman resides at 45 Eddy St., Cranston, RI 02920.

35. On or about March 24, 2004 Plaintiff Barbara Sherman obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

36. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

37. In connection with the transaction, Plaintiff Barbara Sherman received or signed the following documents:

1. A note in the principal amount of $125,400;
2. A mortgage;

3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 19;
5. A One Week Cancellation Period form; attached as Exhibit 20; and
6. A HUD-1 Settlement Statement.

38. On or about August 1, 2006 Plaintiff Barbara Sherman exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 21.

**FACTS RELATING TO PLAINTIFFS DIANE L. RACINE AND THEODORE G. RACINE**

39. Plaintiffs Diane L. Racine and Theodore G. Racine reside at 116 Grove Street, Lincoln, RI 02865.

40. On or about March 17, 2004 Plaintiffs Racine obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

41. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

42. In connection with the transaction, Plaintiffs Racine received or signed the following documents:

1. A note in the principal amount of $228,500;
2. A mortgage;

3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 22;
5. A One Week Cancellation Period form; attached as Exhibit 23; and
6. A HUD-1 Settlement Statement.

43. On or about August 1, 2006 the Plaintiffs Racine exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 24.

## FACTS RELATING TO PLAINTIFFS MICHAEL P. KELLEY AND MARIA M. KELLEY

44. Plaintiffs Michael P. Kelley and Maria M. Kelley reside at 30 Blance Ave., Cumberland, RI 02864.

45. On or about May 25, 2005 Plaintiffs Kelley obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

46. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

47. In connection with the transaction, Plaintiffs Kelley received or signed the following documents:

1. A note in the principal amount of $217,000;
2. A mortgage;

3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 25;
5. A One Week Cancellation Period form; attached as Exhibit 26; and
6. A HUD-1 Settlement Statement.

48. On or about August 1, 2006 the Plaintiffs Kelley exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 27.

**FACTS RELATING TO PLAINTIFF KARI L. CORVENO**

49. Plaintiff Kari L. Corveno resides at 7 Church Street, Barrington, RI 02806.

50. On or about August 16, 2005 Plaintiff Kari L. Corveno obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

51. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

52. In connection with the transaction, Plaintiff Kari L. Corveno received or signed the following documents:

1. A note in the principal amount of $301,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 28;
5. A One Week Cancellation Period form; attached as Exhibit 29; and
6. A HUD-1 Settlement Statement.

53. On or about August 9, 2006 Plaintiff Kari L. Corveno exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 30.

## DEFENDANT

54. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

55. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

56. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

57. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

58. Plaintiffs incorporate ¶¶ 1-53 as if fully set out herein.

59. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

55. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify

the date of the transaction and the date of the expiration of the rescission period.

~~60. By failing to indicate the date by which the right to cancel had to be exercised~~ Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

61. In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2) 15 U.S.C.

62. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre