**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROSS D. HARTINGTON, DANIEL J. BOYLE, BETTY J. FARIZER, BARBARA A. BURKE, EILEEN R. EMERSON, DINA MELUCCI, BARBARA SHERMAN, DIANE L. and THEODORE G. RACINE, MICHAEL P. and MARIA M. KELLEY and KARI L. CORVENO,<br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>Defendant. | C.A. No. 06-365 S |

**ANSWER TO COMPLAINT**

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys, hereby answers the Complaint brought by Ross D. Hartington and others.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest that venue is proper in this district.

**PARTIES AND FACTS**

**Facts Relating To Plaintiff Ross D. Hartington**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about September 9, 2003, Plaintiff Ross D. Hartington became the obligor and mortgagor under a certain note and mortgage on property located at 480 Oakland Beach Avenue, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that Plaintiff Ross D. Hartington received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $134,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 3 to the Complaint, and that the document speaks for itself as to its content. Ameriquest

denies that the Plaintiff Ross D. Hartington has an extended right to rescission and denies that his purported exercise of any right is valid. Ameriquest denies the remaining allegations set forth in paragraph 8 of the Complaint.

**Facts Relating To Plaintiff Daniel J. Boyle**

9. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that on or about June 15, 2004, Plaintiff Daniel J. Boyle became the obligor and mortgagor under a certain note and mortgage on property located at 98 Buttonwood Road, Richmond, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest admits that Plaintiff Daniel J. Boyle received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $250,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 6 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that the Plaintiff Daniel J. Boyle has an extended right to rescission and denies that his

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 13 of the Complaint.

**<u>Facts Relating To Plaintiff Betty J. Farizer</u>**

14. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Ameriquest admits that on or about February 15, 2005, Plaintiff Betty J. Farizer became the obligor and mortgagor under a certain note and mortgage on property located at 2 Ford Avenue, Cumberland, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Ameriquest admits that Plaintiff Betty J. Farizer received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $205,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a one-week cancellation form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint.

18. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 9 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that the Plaintiff Betty J. Farizer has an extended right to rescission and denies that her

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 18 of the Complaint.

**Facts Relating To Plaintiff Barbara A. Burke**

19. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Ameriquest admits that on or about January 19, 2005, Plaintiff Barbara A. Burke became the obligor and mortgagor under a certain note and mortgage on property located at 45 Smith Street, Lincoln, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but, otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Ameriquest admits that Plaintiff Barbara A. Burke received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $213,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a one-week cancellation period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint.

23. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 12 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that the Plaintiff Barbara A. Burke has an extended right to rescission and denies that her

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 23 of the Complaint.

**Facts Relating To Plaintiff Eileen R. Emerson**

24. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest admits that on or about February 2, 2005, Plaintiff Eileen R. Emerson became the obligor and mortgagor under a certain note and mortgage on property located at 184 Gallatin Street, Providence, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Ameriquest admits that Plaintiff Eileen R. Emerson received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $162,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

28. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 15 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Eileen R. Emerson has an extended right to rescission and denies that her

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 28 of the Complaint.

**Facts Relating To Plaintiff Dina Melucci**

29. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest admits that on or about March 7, 2005, Plaintiff Dina Melucci became the obligor and mortgagor under a certain note and mortgage on property located at 385 Rockland Avenue, Scituate, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest admits that Plaintiff Dina Melucci received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $189,375.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint.

33. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 18 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Dina Melucci has an extended right to rescission and denies that her

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 33 of the Complaint.

**Facts Relating To Plaintiff Barbara Sherman**

34. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Ameriquest admits that on or about March 24, 2004, Plaintiff Barbara Sherman became the obligor and mortgagor under a certain note and mortgage on property located at 45 Eddy Street, Cranston, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint.

36. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but, otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Ameriquest admits that Plaintiff Barbara Sherman received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $125,400.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint.

38. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 21 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Barbara Sherman has an extended right to rescission and denies that her

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 38 of the Complaint.

**Facts Relating To Plaintiffs Diane L. Racine and Theodore G. Racine**

39. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Ameriquest admits that on or about March 17, 2004, Plaintiffs Diane L. Racine and Theodore G. Racine became the obligors and mortgagors under a certain note and mortgage on property located at 116 Grove Street, Lincoln, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Complaint.

41. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but, otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Ameriquest admits that Plaintiffs Diane L. Racine and Theodore G. Racine received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $228,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 24 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Diane L. Racine and Theodore G. Racine have an extended right to

rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 43 of the Complaint.

**Facts Relating To Plaintiffs Michael P. Kelley and Maria M. Kelley**

44. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Ameriquest admits that on or about May 25, 2005, Plaintiffs Michael P. Kelley and Maria M. Kelley became the obligors and mortgagors under a certain note and mortgage on property located at 30 Blanche Avenue, Cumberland, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45 of the Complaint.

46. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but, otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Ameriquest admits that the Plaintiffs Michael P. Kelley and Maria M. Kelley received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $217,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint.

48. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 27 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that the Plaintiffs Michael P. Kelley and Maria M. Kelley have an extended right to

rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 48 of the Complaint.

**Facts Relating To Plaintiff Kari L. Corveno**

49. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50. Ameriquest admits that on or about August 16, 2005, Plaintiff Kari L. Corveno became the obligor and mortgagor under a certain note and mortgage on property located at 7 Church Street, Barrington, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 50 of the Complaint.

51. Ameriquest admits that the closing was conducted by Nicholas Barrett & Associates but, otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Ameriquest admits that Plaintiff Kari L. Corveno received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $301,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52 of the Complaint.

53. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 30 to the Complaint, and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Kari L. Corveno has an extended right to rescission and denies that her

purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 53 of the Complaint.

**DEFENDANT**

54. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 54 of the Complaint.

55. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loan borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

56. Paragraph 56 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

57. Ameriquest denies the allegations set forth in paragraph 57 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

58. Ameriquest reavers and incorporates by reference as if fully set forth herein, its responses to paragraphs 1-57 above.

59. Ameriquest denies the allegations set forth in paragraph 59 of the Complaint.

55[sic] Ameriquest denies the allegations set forth in paragraph 55 [sic] of the Complaint.

60. Ameriquest denies the allegations set forth in paragraph 60 of the Complaint.

61. Paragraph 61 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest states that the statute referenced in paragraph 61 speaks for itself as to its content.

62. Ameriquest denies the allegations in paragraph 62 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiffs or third parties, the actions of which Ameriquest is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

(i) Enter judgment in its favor on all counts of the Complaint;

(ii) Dismiss the Complaint with prejudice;

(iii) Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

(iv) Grant such other relief as to the Court seems meet and just.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against each and every Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Ross D. Hartington resides in Warwick, Rhode Island and, on or about September 9, 2003, he obtained a residential mortgage loan from Ameriquest in connection with property located at 480 Oakland Beach Avenue, Warwick, Rhode Island. On or about August 8, 2006, Plaintiff Hartington sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Upon information and belief, Plaintiff Daniel J. Boyle resides in Pawtucket, Rhode Island and, on or about June 15, 2004, he obtained a residential mortgage loan from Ameriquest in connection with property located at 98 Buttonwood Road, Richmond, Rhode Island. On or about August 1, 2006, Plaintiff Boyle sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

4. Upon information and belief, Plaintiff Betty J. Farizer resides in Cumberland, Rhode Island and, on or about February 15, 2005, she obtained a residential mortgage loan from Ameriquest in connection with property located at 2 Ford Avenue, Cumberland, Rhode Island. On or about August 8, 2006, Plaintiff Farizer sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

5. Upon information and belief, Plaintiff Barbara A. Burke resides in Lincoln, Rhode Island and, on or about January 19, 2005, Plaintiff Burke obtained a residential mortgage loan from Ameriquest in connection with property located at 45 Smith Street, Lincoln, Rhode Island. On or about July 31, 2006, Plaintiff Burke sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

6. Upon information and belief, Plaintiff Eileen R. Emerson resides in Providence, Rhode Island and, on or about February 2, 2005, Plaintiff Emerson obtained a residential mortgage loan from Ameriquest in connection with property located at Gallitan Street, Providence, Rhode Island. On or about July 31, 2006, Plaintiff Emerson sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

7. Upon information and belief, Plaintiff Dina Melucci resides in Scituate, Rhode Island and, on or about March 7, 2005, Plaintiff Melucci obtained a residential mortgage loan from Ameriquest in connection with property located at 385 Rockland Avenue, Scituate, Rhode Island. On or about August 1, 2006, Plaintiff Melucci sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

8. Upon information and belief, Plaintiff Barbara Sherman resides in Cranston, Rhode Island and, on or about March 24, 2004, Plaintiff Sherman obtained a residential mortgage loan from Ameriquest in connection with property located at 45 Eddy Street, Cranston, Rhode Island. On or about August 1, 2006, Plaintiff Sherman sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. Upon information and belief, Plaintiffs Diane L. Racine and Theodore G. Racine reside in Lincoln, Rhode Island and, on or about March 17, 2004, Plaintiffs Racine obtained a residential mortgage loan from Ameriquest in connection with property located at 116 Grove Street, Lincoln, Rhode Island. On or about August 1, 2006, Plaintiffs Racine sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

10. Upon information and belief, Plaintiffs Michael P. Kelley and Maria M. Kelley reside in Cumberland, Rhode Island and, on or about March 25, 2005, Plaintiffs Kelley obtained a residential mortgage loan from Ameriquest in connection with property located at 30 Blanche Avenue, Cumberland, Rhode Island. On or about August 1, 2006, Plaintiffs Kelley sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

11. Upon information and belief, Plaintiff Kari L. Corveno resides in Barrington, Rhode Island and, on or about August 16, 2005, Plaintiff Corveno obtained a residential mortgage loan from Ameriquest in connection with property located at 7 Church Street, Barrington, Rhode Island. On or about August 9, 2006, Plaintiff Corveno sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

12. All Plaintiffs have filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which their respective rescission periods expired in connection with the subject loans.

13. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs are not entitled to rescind their loans under 15 U.S.C. § 1635, Regulation Z § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

14. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-13 above.

15. By virtue of Plaintiffs' claims of extended rescission, an actual controversy has arisen and exists between Ameriquest and each and every Plaintiff regarding whether they have the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

16. Plaintiffs allege that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiffs' rights to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

17. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs have no basis for rescission of the loans.

18. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiffs' letters of rescission, including, without limitation, a declaration that Plaintiffs are not entitled to rescind the subject loans.

## RELIEF REQUESTED

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiffs are not entitled to rescind their mortgage loans with Ameriquest and that, alternatively, any such rescissions should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: September 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2006, the foregoing ANSWER TO COMPLAINT was electronically filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre
Claude Lefebvre

/s/ Steven E. Snow

878118_1/7511-28